706 So.2d 1262 (1997)
J.K., as attorney in fact for B.R.
v.
R.S.
2960968.
Court of Civil Appeals of Alabama.
December 5, 1997.
*1263 Larry C. Odom, Mobile, for appellant.
No brief filed for appellee.
CRAWLEY, Judge.
J.K., as attorney in fact for B.R., appeals from an order of the Mobile Juvenile Court dismissing, for lack of jurisdiction, a petition brought under the Alabama version of the Uniform Child Custody Jurisdiction Act (UCCJA). We affirm.
B.R. claims to be the biological father of T.R.S., a child conceived during an out-of-wedlock relationship between B.R. and R.S., but born during the marriage of R.S. and another man. B.R., who at the time the petition was filed, was stationed in Hawaii with the United States Army, asked his mother, J.K., to file the petition on his behalf.
On January 8, 1997, J.K., who lives in Mobile, Alabama, filed a petition in the Mobile Juvenile Court, alleging that T.R.S. was dependent as the result of neglect by his mother, R.S., and seeking immediate custody of T.R.S. The juvenile court granted the petition and awarded temporary custody to J.K. The mother, a resident of Florida whose husband is stationed in Korea, filed a petition to show cause, and the juvenile court set the matter for a hearing. Following the hearing, the juvenile court determined that, pursuant to §§ 30-3-23(a)(1) through (a)(4), Ala.Code 1975, it had no jurisdiction and dismissed the petition.
Section 30-3-23, Ala.Code 1975, a part of Alabama's version of the UCCJA, provides the following:
"(a) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
"(1) This state:
"a. Is the home state of the child at the time of commencement of the proceeding; or
"b. Had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
"(2) It is in the best interest of the child that a court of this state assume jurisdiction because:
"a. The child and his parents, or the child and at least one contestant, have a significant connection with this state; and
"b. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
"(3) The child is physically present in this state and:
"a. The child has been abandoned; or
"b. It is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
"(4) a. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with subdivisions (1), (2), or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child; and
"b. It is in the best interest of the child that a court of this state assume jurisdiction.
"(b) Except under subdivisions (3) and (4) of subsection (a), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of *1264 this state to make a child custody determination.
"(c) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine his custody."
The juvenile court made the following determinations:
"B. Findings of Law § 30-3-23Code of Alabama 1975 (UCCJA)
"(a)(1) Alabama is not the home state of the child and has not been the home state within the last six months.
"(a)(2) Child and parents do not have a significant connection with Alabama and there is not substantial evidence available in Alabama concerning the child's present or future care, protection, training or personal relationships.
"(a)(3) The child is not physically present in Alabama and when he was present there was not evidence of abandonment or an emergency necessary to protect the child.
"(a)(4) It does appear that other states, i.e. Florida [the current residence of the mother and child] and/or North Carolina [the birthplace of the child and residence of mother and child for two years], would have jurisdiction and have not declined to exercise jurisdiction and it is not in the best interest of the child that Alabama assume jurisdiction of this matter."
J.K. argues that the juvenile court erred in determining that subsections (a)(2) and (a)(4) do not apply, because, she argues, "[t]he child and his parents, or the child and at least one contestant have a significant connection with" Alabama, and no other state has taken action with regard to the case.
We reject J.K.'s argument. B.R. had no standing to bring this action because, for purposes of the UCCJA, he is neither a "parent" nor a "contestant." B.R. cannot be deemed a "parent" because the child was born during the marriage of the mother and her husband; therefore, the mother's husband is the presumed father. Section 26-17-5(a)(1), Ala.Code 1975, provides, in pertinent part:
"(a) A man is presumed to be the natural father of a child if any of the following apply:
"(1) He and the child's natural mother are ... married to each other and the child is born during the marriage...."
If the mother's husband has not disclaimed his status as the presumed father, then B.R. has no standing to bring an action to have himself declared the father of T.R.S. Ex parte C.A.P., 683 So.2d 1010 (Ala.1996). See also Michael H. v. Gerald D., 491 U.S. 110, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989). A man claiming to be the father of a child born during the marriage of its mother to another man does not have standing under the Alabama Uniform Parentage Act (AUPA) to initiate an action to establish that he is the father of the child, where the presumed father persists in the presumption that he is the father. Ex parte C.A.P., supra.
"[A]s long as there is a presumed father, pursuant to § 26-17-5(a)(1), who has not disclaimed his status as the child's father,... another man ... has no standing to challenge the presumed paternity of that child."
Ex parte C.A.P., 683 So.2d at 1012. "A man not presumed to be the father, but alleging himself to be the father, may institute an action to have himself declared the father only when the child has no presumed father. § 26-17-6(c)." Ex parte C.A.P., 683 So.2d at 1012.
Unless R.S.'s husband has disclaimed his status as the presumed father of T.R.S., B.R. has no standing to bring a paternity action to establish himself as the father of T.R.S. He also has no standing to be a "contestant" in a UCCJA action. A "contestant" in a UCCJA action is "[a] person, including a parent, who claims a right to custody or visitation rights with respect to a child." § 30-3-22(1), Ala. Code 1975.
"The UCCJA is a procedural statute governing the jurisdiction of courts to entertain custody disputes. It is not enough that a person assert to be a `contestant' or `claim' a right to custody with respect to a child. If that were so, then any person could obtain standing simply by asserting a *1265 claim to custody, whether there was any legal basis for doing so or not.... [A contestant in a UCCJA case must have] some substantive right to custody of the child. ... [A] third party does not obtain such a substantive right by virtue of the child's having resided with the third party."
In re Clausen, 442 Mich. 648, 680, 502 N.W.2d 649, 663-64 (1993)(emphasis added). Because T.R.S. has a presumed father who has not, for all that appears in this record, disclaimed his parental status, B.R. has no "substantive right to custody of the child." He cannot, therefore, be a "contestant" in a UCCJA case.
After our opinion was prepared for circulation, this court received a "Motion to Remand for Entry of Settlement Agreement," signed by B.R. and the mother. Attached to the motion is an agreement regarding custody, support, and a change of name for the child. The mother's husband is not a signatory to the agreement. This "agreement" suffers from the same defect as B.R.'s UCCJA petition. Unless and until it is shown that the mother's husband (the child's presumed father)not the motherhas renounced his parental status, then B.R. has no standing to assert his paternity of the child or to urge adoption of an agreement relating to the child.
The juvenile court's order dismissing the UCCJA action is affirmed, and the joint motion of B.R. and R.S. is denied.
AFFIRMED.
MONROE and THOMPSON, JJ., concur.
ROBERTSON, P.J., and YATES, J., concur in the result.